**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

MICHELE A. LEAHY,

    Plaintiff,

vs.

BAKED OLD CITY PHILADELPHIA PA OPERATORS LLC, a Pennsylvania limited liability company, d/b/a INSOMNIA COOKIES-SECOND ST, and JL 31 S 2ND LLC, a Pennsylvania limited liability company,

    Defendants.
_____/

CASE NO: 2:23-cv-2864

**COMPLAINT**

Plaintiff, MICHELE A. LEAHY (hereinafter the "Plaintiff"), through her undersigned counsel, hereby files this Complaint and sues BAKED OLD CITY PHILADELPHIA PA OPERATORS LLC, a Pennsylvania limited liability company, d/b/a INSOMNIA COOKIES-SECOND ST, and JL 31 S 2ND LLC, a Pennsylvania limited liability company, (hereinafter, collectively, the "Defendants"), for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §12181, et. seq., of the AMERICANS WITH DISABILITIES ACT ("ADA"), and the PENNSYLVANIA HUMAN RELATIONS ACT, 43 PA. STATUTE § § 951-963 ("PHRA"), and alleges:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §343.

1

2.     Venue is proper in the EASTERN DISTRICT OF PENNSYLVANIA, pursuant to 28 U.S.C. §1391(b). in that all events giving rise to this lawsuit occurred within this judicial district.

3.     The remedies provided by the PENNSYLVANIA HUMAN RELATIONS ACT, 43 PA. STATUTE § § 951-963 are not exclusive and state administrative remedies need not be exhausted in connection with suits brought thereunder.

4.     At the time of Plaintiff's visit to INSOMNIA COOKIES-SECOND ST, prior to instituting the instant action, MICHELE A. LEAHY (hereinafter referred to as "Plaintiff"), who resides and works within short driving distance of Philadelphia, and who suffers from spina bifida and myasthenia gravis among other various disabilities, which constitutes a "qualified disability" under the Americans With Disability Act of 1990, and utilizes a wheelchair as her primary means of mobility.  The Plaintiff personally visited Defendants' Property, but was denied full and equal access to, and full and equal enjoyment of, the facilities at Defendants' Property, which is the subject of this lawsuit.

5.     The Defendants, BAKED OLD CITY PHILADELPHIA PA OPERATORS LLC, a Pennsylvania limited liability company, d/b/a INSOMNIA COOKIES-SECOND ST, and JL 31 S 2ND LLC, a Pennsylvania limited liability company, are authorized to conduct, and are conducting business within the State of Pennsylvania.  Upon information and belief, BAKED OLD CITY PHILADELPHIA PA OPERATORS LLC, is the lessee and/or operator of the real property (hereinafter and heretofore referred to collectively as "Defendants' Property"), and the owner of the improvements where the Subject Facility is located which is the subject of this action, the facility commonly referred to as INSOMNIA COOKIES-SECOND ST (hereinafter the "Subject Facility") located at 31 S. Second Street, Unit C-4, Philadelphia, Pennsylvania (hereinafter and heretofore referred to collectively as

"Defendants' Property"), which also maintains and controls the Subject Facility.  Upon information and belief, JL 31 S 2ND LLC, is the owner, lessor and/or operator of the real property where the Subject Facility is located which is the subject of this action, the facility commonly referred to as INSOMNIA COOKIES-SECOND ST, located at 31 S. Second Street, Unit C-4, Philadelphia, Pennsylvania (hereinafter and heretofore referred to collectively as "Defendants' Property"), which also maintains and controls the Subject Facility.

6. All events giving rise to this lawsuit occurred in the City of Philadelphia, State of Pennsylvania.  Venue is proper in this Court as the premises is located in the State of Pennsylvania.

**COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

7. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101, et. seq.  Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements.  The effective date of the Title III of the ADA was January 26, 1992.  42 U.S.C. §12181; 20 C.F.R. §36.508(a).

8. Congress found, among other things, that:

> (i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;
>
> (ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;
>
> (iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

3

    (iv)    individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

    (v)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

9. Congress explicitly stated that the purpose of the ADA was to:

    (i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    (ii)    provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

    (iii)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

10. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Subject Facility is a place of public accommodation in that it is an establishment which provides goods and services to the public.

11. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the building and/or Subject Facility which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

4

12.     The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations, and/or undergone substantial remodeling, repairs and/or alterations, since January 26, 1990, and/or has sufficient income to make readily achievable accessibility modifications.

13.     Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at Defendants' Property, in derogation of 42 U.S.C. §12101, et. seq., and as prohibited by 42 U.S.C. §12182, et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

14.     The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Defendants' Property.  The Plaintiff, personally visited Defendants' Property, with the intention of using Defendants' facilities, but was denied access to the Subject Property, and therefore suffered an injury in fact.  In addition, Plaintiff shall promptly visit the Subject Property in the future once it is made accessible and ADA compliant, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at Subject Property, all in violation of the ADA and the PHRA.

15.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said

Department may obtain civil penalties of up to $110,000 for the first violation and $150,000 for any subsequent violation.

16. The Defendants' Subject Facility is in violation of 42 U.S.C. §12181, et. seq., the ADA and 28 C.F.R. §36.302, et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

(i) Failure to provide an accessible entrance to the Subject Facility, due to multiple steps at said entrance, without an ADA-compliant ramp and/or an ADA-compliant wheelchair lift, in violation of 28 C.F.R. Part 36, Section 4.14.

(ii) Failure to provide a safe and accessible means of egress from the Subject Facility, in violation of 28 C.F.R. Part 36, Section 4.3.10.

(iii) Failure to provide an accessible door handle at entrance that can be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist as required by 28 C.F.R. Part 36, Section 4.13.9.

(iv) The dining counters are higher than 34 inches above the finished floor, in violation of the requirements of 28 C.F.R. Part 36, Section 5.2 which requires a maximum height of a dining counter, or a 60-inch-wide section of it, to be 34 inches above the finished floor.

(v) The food ordering counter is inaccessible, in violation of 28 C.F.R. Part 36, Section 7.2(1), which requires that a portion of such a counter, which is a minimum of 36 inches (915 mm) in length, shall be provided with a maximum height of 36 inches (915 mm) above the finished floor.

(vi) The napkin dispenser, located on top of the high dining counter, is at an accessible height, in violation of 28 C.F.R. Part 36.

    (vii)    Failure to provide hand sanitizer dispenser, at an inaccessible reach range, as required by 28 C.F.R. Part 36, Section 4.2.

    (viii)    Failure to provide securely attached floor mat at interior of entrance, in violation of 28 C.F.R. Part 36, Section 4.5.3.

    (ix)    Failure to provide adequate directional and accurate informational signage throughout the Subject Facility, as required by 28 C.F.R. Part 36, Section 4.1.3(16).

    (x)    Failure to provide signage, in the Subject Facility, addressing people with disabilities, telling them that accessible services are provided, as required by 28 C.F.R. Part 36, Section 4.30.4.

17. Upon information and belief, there are other current violations of the ADA at Defendants' Property, and only once a full inspection is done can all said violations be identified.

18. To date the architectural barriers, the removal of which is readily achievable, and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

19. Pursuant to the ADA, 42 U.S.C. §12101, et seq., and 28 C.F.R. §36.304, the Defendants were required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the Defendants have failed to comply with this mandate.

20. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the Subject Facility to make it independently accessible to, and useable by, individuals with disabilities to the extent

required by the ADA, and closing the Subject Facility until the requisite modifications are completed.

21. The Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 6 as if set forth in their entirety here.

## COUNT II - VIOLATIONS OF THE PENNSYLVANIA HUMAN RELATIONS ACT, 43 PA. STATUTE § § 951-963

22. The Pennsylvania Human Relations Act, is comprised of the Pennsylvania Human Relations Act, 43 PA. Statute § § 951-963 (which provides the substance of the law) and Chapter 44 of the Pennsylvania Code, "Discrimination On The Basis Of Handicap Or Disability", and specifically 43 PA. Statute § 955 (collectively, the "PHRA").

23. The PHRA prohibits discrimination by the Defendants as follows:

> For any person being the owner, lessee, proprietor, manager, superintendent, agent or employee of any **public accommodation**, resort, or amusement to: Refuse, withhold from, or deny to any person because of his race, color, sex, religious creed, ancestry, national origin or handicap or **disability** [emphasis added]. …
> The opportunity for an individual to obtain employment for which he is qualified, and to obtain all the accommodations, advantages, facilities and privileges of any public accommodation and of any housing accommodation and commercial property without discrimination because of race, color, familial status, religious creed, ancestry, handicap or disability, age, sex, national origin, the use of a guide or support animal because of the blindness, deafness or physical handicap of the user or because the user is a handler or trainer of support or guide animals is hereby recognized as and declared to be a civil right which shall be enforceable as set forth in this act.

24. Defendants, BAKED OLD CITY PHILADELPHIA PA OPERATORS LLC, d/b/a INSOMNIA COOKIES-SECOND ST, and JL 31 S 2ND LLC, are subject to the PHRA since they are a place of public accommodation as defined by this statute, and are in violation of both the PHRA and the ADA by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Facility.

25. Discrimination occurs once a Subject Facility refuses to remove architectural barriers present at said facility, or its refusal to take steps necessary to ensure that disabled persons that uses a wheelchair for mobility are not excluded or denied services at places of public accommodation. The Subject Facility in the instant case has failed to remove the architectural barriers, contrary and in violation of, the PHRA and the ADA.

26. According to the PHRA all persons in the Commonwealth of Pennsylvania are entitled to full and equal accommodations, advantages, facilities, and privileges of any place of public accommodation, such as this Subject Facility

27. Defendants' failure to observe the law has been ongoing and continuous, requiring declaratory and injunctive relief appropriate by means of the PHRA and the ADA and its implementing regulations.

28. Defendants' failure to adhere to both the PHRA and the ADA is ongoing and continuous, requiring declaratory and injunctive relief appropriate by means of PHRA as well as 43 Pa. Statute § 955, Fed. R. Civ. P. 57, and 28 U.S.C. § 2201, and the ADA. and its implementing regulations.

29. Defendants have violated the PHRA, 43 PA. Statute § 955, Fed. R. Civ. P. 57, and 28 U.S.C. § 2201 and the ADA by discriminating against the Plaintiff as a direct result of their failure to remove the architectural barriers that exist at the Subject Property, despite decades of statutory notice to comply with the ADA.

30. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 20 as if set forth in their entirety here.

## ATTORNEYS' FEES, COSTS AND DAMAGES

31. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have her reasonable attorneys' fees, costs and expenses paid by the Defendants, pursuant to the ADA and the PHRA.

32. Declaratory Judgment against Defendants based on a violation of the Americans with Disabilities Act, by means of remedies enforced through 42 U.S.C. §12188(a)(1); Pennsylvania Human Relations Act, 43 Pa. Statute § 955 and Title 44 of the Pennsylvania Code, due to the Defendants' Subject Facility being continuously inaccessible to, and not independently usable by, individuals with disabilities who use a wheelchair for purposes of mobility;

33. Plaintiff prays for judgment pursuant to the PHRA, 43 Pa. Statute § 955 and Title 44 of the Pennsylvania Code, including a demand for Damages in an amount to be determined by this Court, as a result of the Defendants unlawful continuous discriminatory conduct and violation of the PHRA.

## INJUNCTIVE RELIEF

34. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the Subject Facility to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA and the PHRA, and closing the Subject Facility to the public until the requisite modifications have been completed.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants and requests the following injunctive and declaratory relief:

A.     The Court declare that the Subject Property and Subject Facility owned, operated, leased, controlled and/or administered by the Defendants are violative of the ADA, the Pennsylvania Human Relations Act, 43 Pa. Statute § 955 and Title 44 of the Pennsylvania Code;

B.     The Court enter an Order requiring the Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA, the Pennsylvania Human Relations Act, 43 Pa. Statute § 955 and Title 44 of the Pennsylvania Code;

C.     The Court enter an Order directing the Defendants to evaluate and neutralize their policies, practices, and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to the Subject Facility;

D.     The Court award reasonable attorney's fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff; and

E.     The Court award such other and further relief as it deems necessary, just and proper.

Dated: This 27th day of July, 2023.

                                        Respectfully submitted,

                                        By: /S/ B. Bradley Weitz
                                              B. Bradley Weitz, Esq.
                                              Pennsylvania Attorney I.D.: 322199
                                              THE WEITZ LAW FIRM, P.A.
                                              Counsel for Plaintiff
                                              18305 Biscayne Blvd., Suite 214
                                              Aventura, Florida 33160
                                              Telephone: (305) 949-7777
                                              Facsimile: (305) 704-3877
                                              E-mail: bbw@weitzfirm.com